# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2022

Lyle W. Cayce
Clerk

No. 21-30579
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeremiah Richard,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:20-CR-285-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Jeremiah Richard appeals the sentence of 48 months in prison imposed on his guilty-plea conviction for possessing firearms and ammunition after a felony conviction. He contends the sentence, which is above the guidelines range, is substantively unreasonable because the district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

court placed undue weight on his criminal history and a pending charge against him in state court.

We review for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because sentencing courts are better placed "to find facts and judge their import under the [18 U.S.C.] § 3553(a) factors with respect to a particular defendant," appellate review for substantive reasonableness is "highly deferential." *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (internal quotation marks and citation omitted). We consider the totality of the circumstances, "including the extent of any variance from the Guidelines range," but in doing so "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Richard identifies no error. Contrary to his assertion that the district court placed undue weight on the pending charge, the court stated it would not consider the charge at all. And while the sentence imposed is above the advisory guidelines range of 21 to 27 month, this court has upheld more substantial variances or departures in the past. *E.g.*, *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006). The district court was required to make an individualized assessment and could not presume the guidelines range was reasonable. *See Gall*, 552 U.S. at 50. Richard's arguments suggest no more than that a different sentence might have been appropriate, which is not a sufficient ground for reversal. *See id.* at 51.

AFFIRMED.